FILED
MAY 1 4 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 11-0251GT )  |
| v. | ) ORDER |
| Pedro De La Rosa-Soto, | ) |
| Defendant. | ) |

## BACKGROUND

On February 4, 2011, Defendant, Pedro De La Rosa-Soto ("Mr. De La Rosa"), pled guilty to a one count information charging him with Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b). A Presentence Report ("PSR") was ordered.

On April 22, 2011, this Court sentenced Mr. De La Rosa to 54 months in custody and 3 years supervised release. The applied guidelines were: a base offense level of 8 (§ 2L1.2(a) ); a +16 for a prior 1993 residential burglary (§ 2L1.2(b)(1)(A)(ii)); a -3 for acceptance of responsibility (§ 3E1.1); a -2 for fast track (§ 5K3.1); an adjusted offense level of 19; and a criminal history category VI. The guideline range was 63 to 78 months. The Court followed the recommendation of the Probation Officer and sentenced Mr. De La Rosa 54 months in custody and 3 years supervised

release. The Probation Officer recommended the 54 months custody, which was below the applicable guidelines, because of the facts underlying Mr. De La Rosa's conviction.

Mr. De La Rosa appealed his sentence. The parties filed a joint motion to vacate the sentence and remand the case back to this court based on the Aguila-Montes case. The Ninth Circuit granted the motion and remanded the case back for re-sentencing. The Aguila Montes case now requires that there is proof that the defendant did not have permission to enter the residence to be convicted of generic burglary. Simply pleading to an offense with the wording that the entry was "unlawful and unprivileged" is not sufficient to support a conviction for the generic crime of burglary.

## SENTENCE AFTER REMAND

In this case, there is evidence from judicially noticeable documents that Mr. De La Rosa did not have permission to enter the dwelling as required under Aguila-Montes. On the minute order for the taking of Mr. De La Rosa's plea there is a statement "Court finds a factual basis for the plea based on the Prelim Transcript." Additionally, in the guilty plea transcript, the state court judge finds that the factual basis for the plea is the preliminary hearing transcript. Probation submitted the transcript from the preliminary hearing to the court. At the preliminary hearing, the government presented witnesses, which were sworn under oath. Defense counsel cross-examined the witnesses. First, the government called Javier Capurro ("Mr. Capurro"), the victim. Mr. Capurro testified that he did not give Mr. De La Rosa permission to enter his house. The government also called Virgil Ray Canada ("Mr. Canada"), the police officer that investigated the burglary in question. Officer Canada testified that he spoke to a woman who lived either at or near the residence. She stated she had seen a man breaking out the windows to the basement and go inside. Officer Canada saw the broken windows and then saw Mr. De La Rosa exiting the broken windows. The court found there was reasonable and probable cause to find a violation of California Penal code § 459. Based on the facts in the preliminary hearing transcript and guilty plea transcript, there is sufficient evidence in the record that Mr. De La Rosa did not have permission to enter the dwelling and that he pled guilty to the generic crime of burglary of a dwelling. Accordingly, the enhancement under § 2L1.2(b)(1)(A)(ii) is appropriate.

11cr0251

Mr. De La Rosa argues that the transcripts of the guilty plea and preliminary hearing are not sufficient to satisfy the missing element that he did not have permission to enter the dwelling and hence, the 16 level enhancement is not appropriate. First, Mr. De La Rosa argues that the state court judge did not "confirm" the factual basis for the plea. However, the judge found that the factual basis for the plea was the preliminary hearing transcript and there was no objection. In effect, Mr. De La Rosa agreed with this finding. Second, Mr. De La Rosa argues that the standard of proof at the preliminary hearing was not the beyond a reasonable doubt standard and there were some questions about a door left open and that Mr. De La Rosa Soto knew the brother of the victim. Again, the state court judge found that the factual basis for the plea was the preliminary transcript and Mr. De La Soto did not object. Finally, Mr. De La Soto argues that even if he had stipulated or confirmed that the preliminary transcript as the basis for his plea, that the state court had to confirm that the entry was without the owner's consent. This stretches the holding in the Aguila-Montes case to requiring the state court judge confirm that the entry was without permission in every case. The Aguila-Montes case holds that under the modified categorical approach, there must be judicially noticeable documents which show that the defendant did not have actual permission to enter the dwelling. Accordingly, the court finds that the enhancement under § 2L1.2(b)(1)(A)(ii) is appropriate.

However, while this case was on appeal, the guidelines have changed. Now under § 2L1.2(b)(1)(A) if the prior offense is too old to score, the defendant receives a +12 and not a +16. Accordingly, Mr. De La Rosa should receive a +12 for his 1993 residential burglary and not the +16 he originally received. Accordingly, the new guidelines are set forth below:

### Sentencing Summary Chart

| | | |
|---|---|---|
| **Base Offense Level** | § 2L1.2(a) | 8 |
| **Residential Burglary** | § 2L1.2(b)(1)(A)(ii) | + 12 |
| **Acceptance Responsibility** | § 3E1.1 | - 3 |
| **Fast Track** | § 5K3.1 | - 2 |

| | | |
|---|---|---|
| **Adjusted Offense Level** | | 15 |
| **Criminal History Category** | | VI |
| **Guideline Range** | | 41-51 mos |
| **Supervised Release** | | 3 years |

**IT IS SO ORDERED.**

May 14th, 2012
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel

4

11cr0251